United States Bankruptcy Court
Central District of California

In re:                                                                    Case No. 16-11111-CB
Ryan M. Hallett                                                           Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-8    User: admin    Page 1 of 1    Date Rcvd: Jul 05, 2016
                           Form ID: 318    Total Noticed: 13

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 07, 2016.
db             +Ryan M. Hallett,    73 San Marino,    Irvine, CA 92614-0203
36959070       +Dept Of Ed/Navient,    Attn: Claims Dept,    Po Box 9400,    Wilkes Barr, PA 18773-9400
36959074       +Univ Of Indianapolis,    1400 E Hanna Ave,    Indianapolis, IN 46227-3697
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +E-mail/Text: weneta.kosmala@txitrustee.com Jul 06 2016 02:10:20     Weneta M Kosmala (TR),
                 3 MacArthur Place, Suite 760,    Santa Ana, CA 92707-6071
smg             EDI: EDD.COM Jul 06 2016 02:03:00      Employment Development Dept.,    Bankruptcy Group MIC 92E,
                 P.O. Box 826880,    Sacramento, CA 94280-0001
smg             EDI: CALTAX.COM Jul 06 2016 02:03:00      Franchise Tax Board,    Bankruptcy Section MS: A-340,
                 P.O. Box 2952,    Sacramento, CA 95812-2952
36959066       +EDI: PHINAMERI.COM Jul 06 2016 02:03:00      AmeriCredit/GM Financial,    Po Box 183583,
                 Arlington, TX 76096-3583
36959067       +EDI: TSYS2.COM Jul 06 2016 02:03:00      Barclays Bank Delaware,    Po Box 8801,
                 Wilmington, DE 19899-8801
36959068       +EDI: CAPITALONE.COM Jul 06 2016 02:03:00      Capital One,    Attn: Bankruptcy,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
36959069       +EDI: CHASE.COM Jul 06 2016 02:03:00      Chase Card Services,    Attn: Correspondence Dept,
                 Po Box 15298,    Wilmington, DE 19850-5298
36959071       +EDI: NAVIENTFKASMSERV.COM Jul 06 2016 02:03:00      Navient,    Attn: Claims Dept,    Po Box 9500,
                 Wilkes-Barr, PA 18773-9500
36959072       +EDI: RMSC.COM Jul 06 2016 02:03:00      Synchrony Bank/ Old Navy,    Attn: Bankruptcy,
                 Po Box 103104,    Roswell, GA 30076-9104
36959073       +EDI: WTRRNBANK.COM Jul 06 2016 02:03:00      Target,    C/O Financial & Retail Services,
                 Mailstop BT PO Box 9475,    Minneapolis, MN 55440-9475
                                                                                               TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Americredit Financial Services, Inc., dba GM Finan
intp            Courtesy NEF
                                                                                               TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 07, 2016                                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 5, 2016 at the address(es) listed below:
              Bruno Flores    on behalf of Debtor Ryan M. Hallett bruno@brunoflores.com,
               rachel@brunoflores.com;sally@brunoflores.com;genesis@brunoflores.com;clerk@brunoflores.com
              Mandy D Youngblood    on behalf of Interested Party    Courtesy NEF csbk@gmfinancial.com
              Sheryl K Ith    on behalf of Creditor    Americredit Financial Services, Inc., dba GM Financial
               sith@cookseylaw.com, sith@ecf.courtdrive.com
              United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
              Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
               wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
                                                                                               TOTAL: 5
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Ryan M. Hallett** | Social Security number or ITIN  **xxx–xx–7930** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Central District of California** | | |
| Case number:  **8:16–bk–11111–CB** | | |

## Order of Discharge – Chapter 7

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Ryan M. Hallett

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 7/5/16

**Dated:** 7/5/16

**By the court:** Catherine E. Bauer
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**19/AUT**

**For more information, see page 2 >**

Official Form 318–CACBdodb/CACodsc    **Order of Chapter 7 Discharge**    page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**